# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| NATHAN BURGESS | § | |
| | § | |
| v. | § | CASE NO. 4:14-CV-466 |
| | § | (Judge Mazzant/Judge Nowak) |
| G.M. COX, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the reports of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. Having received the reports and recommendations of the United States Magistrate Judge (Dkts. #110, 115, 116, 117), having considered each of Plaintiff's timely-filed objections (Dkts. #127, 128, 129, 130) and Defendants' responses (Dkts. #132, 133), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct; and the Court hereby adopts the Magistrate Judge's reports (Dkts. #110, 115, 116, 117) as the findings and conclusions of the Court.

## BACKGROUND

The facts in this case originate from an eviction and certain related events on or about July 11-13, 2012, at a property located at 720 Paint Creek Road, Murphy, Collin County, Texas (the "Property"), then occupied by Plaintiff and his family members. These facts have been set forth in detail by the United States Magistrate Judge, and need not be duplicated herein (*See* Dkts. #110, 115, 116, 117).

On July 14, 2014, Plaintiff filed his Complaint against G.M. Cox, Jennifer DeCurtis, James Fisher, Jim Hermes, and Andy Messer (collectively referred to as the "First Murphy Defendants") (Dkt. #1). On October 15, 2014, Plaintiff filed his Amended Complaint, adding

the City of Murphy, Lieutenant Adana Barber, Officer Joseph Wetzel, David Gensler (collectively referred to as the "Murphy Defendants"), Officer Kris Riebschlager, Officer Michael Palko, and Chief Deputy Constable Lonnie Simmons ("Constable Simmons") as Defendants (Dkt. #26). On January 22, 2015, Plaintiff filed his Second Amended Complaint, adding Judge Barnett Walker ("Judge Walker") and Deputy Danny Jones ("Deputy Jones") to this litigation (Dkt. #36).

On February 27, 2015, Judge Walker and Deputy Jones filed their Motion to Dismiss and Brief in Support Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #52). On March 14, 2015, Constable Simmons filed his Motion to Dismiss and Brief in Support Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #64). On March 17, 2015, the Murphy Defendants filed their Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Dkt. #67). On June 12, 2015, the First Murphy Defendants filed their Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Dkt. #92). On July 27 and 30, 2015, respectively, the reports and recommendations of the Magistrate Judge were entered containing proposed findings of fact and conclusions that each of Defendants' Motions to Dismiss should be granted, that Defendants' alternative motions for summary judgment be denied as moot, and that Plaintiff's claims should be dismissed with prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkts. #110, 115, 116, 117).

Multiple extensions of Plaintiff's deadline to file his objections to the reports and recommendations of the Magistrate Judge were granted (*see* Dkts. #118, 121, 124, 126), and on August 17, 2015, Plaintiff timely filed his objections to the reports and recommendations of the United States Magistrate Judge (Dkts. #127, 128, 129, 130). On September 1, 2015, Defendants Judge Walker and Constable Simmons filed responses to Plaintiff's objections (Dkts. #132, 133).

Seven additional motions pertaining to these same events have been filed since the reports and recommendations of the Magistrate Judge were entered, which the Court also considers herein. On July 27, 2015, Defendant Kris Riebschlager filed his Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Dkt. #112). On July 28, 2015, Defendant Officer Michael Palko filed his Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Dkt. #113). Moreover, on August 10, 2015, Defendants Judge Walker, Deputy Jones, and Constable Simmons filed a Notice of Affirmance of the Criminal Conviction of Plaintiff, notifying the Court that on August 4, 2015, the Dallas Court of Appeals affirmed Plaintiff's conviction for the criminal offense of illegal dumping (Dkt. #123). On August 5, 2015, Defendants Simmons, Walker, and Jones filed their Motion to Reconsider Order Denying Motion for Sanction (Dkt. #120), and on August 7, 2015, the remaining Defendants filed their Motion to Reconsider Order Denying Motion for Sanctions (Dkt. #122). On August 19, 2015, Plaintiff filed a Motion for Clarification (Dkt. #131). On September 4, 2015, Plaintiff filed a Motion of Petitioner to Stay Proceedings Until Plaintiff Has Had a Hearing on His Motions and Consolidation of His Two Cases Has Been Settled Before the Court (Dkt. #134). On September 16, 2015, all Murphy Defendants filed an Agreement to Permanent Stay (By Disposition), Motion for Plaintiff's Frivolous Consolidation, and Sanctions (Dkt. #135).

**PLAINTIFF'S OBJECTIONS**

On August 17, 2015, Plaintiff filed four (4) separate sets of objections noting his disagreements with each of the reports and recommendations of the Magistrate Judge (Dkts. #127, 128, 129, 130). Many of Plaintiff's objections are similar and/or duplicative, thus for clarity, the Court has organized the objections into general categories, and will address Plaintiff's objections in the following order: (i) objections concerning facts, events, or legal

3

theories at issue in the underlying eviction and/or criminal proceedings; (ii) objections concerning facts, events, or other occurrences during these proceedings; and (iii) any remaining objections related to a specific defendant. As an initial matter, the Court will identify those findings of the Magistrate Judge to which there were no objections by Plaintiff.

## I. *Findings to Which There Were No Objections by Plaintiff*

After reviewing Judge Walker and Deputy Jones' Motion to Dismiss (Dkt. #52), the Magistrate Judge found that Plaintiff's claims against Deputy Jones were barred by quasi-judicial immunity (Dkt. #117). Plaintiff does not object to the findings and conclusions of the Magistrate Judge regarding Deputy Jones (*see generally* Dkt. #127). Accordingly, the Court finds that the findings and conclusions of the Magistrate Judge as to Deputy Jones are correct and will be adopted as the findings and conclusions of the Court.

In considering Constable Simmons' Motion to Dismiss (Dkt. #64), the Magistrate Judge found that Plaintiff's claims against Constable Simmons were barred by the applicable statute of limitations, the legal doctrine of quasi-judicial immunity, and the *Rooker-Feldman* doctrine (Dkt. #110 (citations omitted)). Plaintiff does not object to the Magistrate Judge's finding that Plaintiff's claims against Constable Simmons are barred by the legal doctrine of quasi-judicial immunity (*see generally* Dkt. #129). Accordingly, the findings and conclusions of the Magistrate Judge regarding the application of quasi-judicial immunity to Plaintiff's claims against Constable Simmons will be adopted by the Court.

The Magistrate Judge further reviewed the Murphy Defendants' Motion to Dismiss (Dkt. #67), and found Plaintiff's claims against the Murphy Defendants were barred by the applicable statute of limitations, because Plaintiff failed to state a claim for municipal liability against the City of Murphy, because the individual Defendants were entitled to qualified immunity for their

actions, and also that Plaintiff's claims were an improper collateral attack on the underlying proceedings (Dkt. #116). Plaintiff does not object to the Magistrate Judge's findings regarding his failure to state a claim for municipal liability against the City of Murphy, or that the individual Defendants are entitled to qualified immunity (*see generally* Dkt. #128). Accordingly, the Court finds that the findings and conclusions of the Magistrate Judge regarding municipal liability and qualified immunity as to the Murphy Defendants are correct, and will be adopted as the findings and conclusions of the Court. The Court will now turn to Plaintiff's objections.

## II. *Objections Involving the Underlying Eviction and/or Criminal Proceedings*

### a. *The Magistrate Judge Misconstrued and/or Misapplied Forcible Detainer Law*

In each of his objections to the reports and recommendations of the Magistrate Judge recommending dismissal of all Defendants, Plaintiff asserts that the Magistrate Judge misunderstood and/or misapplied the law as it pertains to forcible detainer in the State of Texas; specifically, the procedural requirements of notice and an opportunity to be heard (Dkt. #127 at 2; Dkt. #128 at 8; Dkt. #129 at 3-4; Dkt. #130 at 3-4). Plaintiff complains that the Magistrate Judge failed to acknowledge that "*Plaintiff was never a party to any eviction suit relating to the events of this lawsuit!*" *Id*. (emphasis in original). Plaintiff contends that there is no evidence that he was personally evicted from the property at issue, or that the eviction, as it pertains to him, was proper. *Id*. Plaintiff avers that he was unable to join in the forcible detainer action with his children, and any eviction proceeding would require that he be personally named and removed. *Id*. at 3. Finally, Plaintiff argues that "Defendants initiated acts of Jim Crow Segregation and discrimination against Plaintiff by segregating him from his African American granddaughter and mixed race family" (Dkt. #127 at 4; Dkt. #130 at 4).

Plaintiff's objection is irrelevant to the dismissal of Plaintiff's claims against each of the Defendants, which the Court now considers in turn. Turning first to Judge Walker, the Magistrate Judge concluded that Judge Walker was entitled to judicial immunity from suit for money damages for acts committed while acting in his judicial capacity (Dkt. #117 at 6 (citing *Stump v. Sparkman*, 435 U.S. 349 (1978); *Beck v. Texas State Bd. Of Dental Examiners*, 204 F.3d 629, 634 (5th Cir. 2000)). The Magistrate Judge considered Plaintiff's version of the facts as true, noting that Plaintiff entered Judge Walker's courtroom, had a brief discussion with Judge Walker about a transcript, and turned to leave the courtroom. *Id*. at 7. The Magistrate Judge then stated, "[o]stensibly perceiving Plaintiff's action as disrespectful, Judge Walker ordered Plaintiff to remain and/or be detained in the courtroom under the direction of Deputy Jones while Judge Walker left the courtroom for the lunch hour(s)." *Id*. The Magistrate Judge concluded that Judge Walker was entitled to judicial immunity for his actions. *Id*. The law of forcible detainer is not relevant to this finding.

The Magistrate Judge similarly found that Plaintiff's claims against Constable Simmons should be dismissed as they were barred by the statute of limitations, barred by quasi-judicial immunity, and constituted an improper collateral attack on the underlying state court proceedings (Dkt. #110). In addition, the Magistrate Judge found that dismissal of Plaintiff's claims against both the Murphy Defendants and the First Murphy Defendants was appropriate because Plaintiff's claims were barred by the statute of limitations, Plaintiff failed to state a claim for municipal liability against the City of Murphy, the Defendants are entitled to qualified immunity, and Plaintiff's claims constituted an improper collateral attack on the underlying state court proceedings (Dkts. #115, 116). Similarly, Plaintiff's objection that the Magistrate Judge failed to consider and/or apply appropriate forcible detainer law is irrelevant to these findings. No

6

application of forcible detainer law was necessary to resolve the noted legal arguments. Moreover, Plaintiff's objections further confirm the Magistrate Judge's finding that this litigation is an attempt to improperly challenge the underlying state court proceedings, which is improper. *See Chamberlain v. 625 Orleans, L.P.*, No. 1:11-cv-140, 2011 WL 1627080, at *4 (E.D. Tex. Apr. 18, 2011) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)); *Price v. Porter*, 351 F. App'x 925, 926 (5th Cir. 2009); *Heck v. Humphrey*, 512 U.S. 477 (1994). For these reasons, the Court finds Plaintiff's objection regarding the Magistrate Judge's misunderstanding/ misapplication of the law of forcible detainer is overruled.

### b. *Factual Objections*

Plaintiff asserts varied objections to factual findings made by the Magistrate Judge. For example, in his objections to the Magistrate Judge's report and recommendation regarding Judge Walker, Plaintiff contends that the Magistrate Judge misconstrued Plaintiff's factual statements regarding Judge Walker when stating Plaintiff "pushed and/or knocked over a glass shelving unit, which shattered glass throughout the sidewalk/yard" (Dkt. #127 at 4 (quoting Dkt. #117 at 2)). Plaintiff argues that he "never mentioned glass shattering throughout the sidewalk and yard." *Id*. Plaintiff states that the glass did shatter, but the spread was limited to a four-foot by four-foot area only. *Id*. Plaintiff also objects that the Magistrate Judge failed to understand the criminal charges filed against him. *Id*. Plaintiff asserts he was arrested on charges of littering, but charged for disorderly conduct and illegal dumping, whereas the Magistrate Judge stated that he was "arrested on charges of disorderly conduct and illegal dumping, also referred to as a charge for littering." *Id*. Regarding the Murphy Defendants, Plaintiff also specifically objects that the Magistrate Judge: (i) ignored the fact that the City of Murphy and its law enforcement officers were involved in the eviction; (ii) failed to recognize alleged intentional errors

committed by Plaintiff's court-appointed legal counsel during the state court criminal proceedings; and (iii) failed to properly rule on obvious misrepresentations and fraudulent statements made by Defendants throughout the underlying proceedings (Dkt. #128). In reference to the First Murphy Defendants, Plaintiff further objects that the Magistrate Judge: (i) failed to recognize a factual dispute regarding the ownership of the personal property on the lawn of the Property; (ii) failed to research Plaintiff's criminal transcript to determine what statements were made during the criminal proceedings regarding the ownership of the personal property; and (iii) disregarded the "forcible control" that Defendants exercised over Plaintiff upon their arrival to the Property (Dkt. #130).

Once again, Plaintiff's objections are wholly irrelevant to the Magistrate Judge's recommended dismissal of Judge Walker, the Murphy Defendants, and the First Murphy Defendants. Plaintiff's factual objections do not affect the application of the legal doctrine upon which dismissal is based, and only further confirm that Plaintiff continues to improperly attack the eviction and/or criminal proceedings through this litigation. Plaintiff's objections are overruled with respect to these Defendants.

### III. *Objections Related to the Present Litigation*

#### a. *Whether the Magistrate Judge Ignored Plaintiff's Requests for Additional Time*

In Plaintiff's objections to the report and recommendation of the Magistrate Judge concerning Constable Simmons <u>only</u>, Plaintiff objects that the Magistrate Judge ignored his requests for additional time to respond to the Magistrate Judge's reports and recommendations (Dkt. #129 at 2). Plaintiff's assertion is false. Plaintiff's original deadline to file objections to the report and recommendation regarding Constable Simmons was August 13, 2015 (Dkt. #110). On August 3, 2015, Plaintiff filed a motion requesting an extension until September 12, 2015,

"or however much time the Court is willing to grant for all responsive filings" to file his objections (Dkt. #118). This request was opposed by Defendants. *Id*. The Magistrate Judge granted in part and denied in part, giving Plaintiff until August 17, 2015, to file his responses and/or objections (Dkt. #121). On August 10, 2015, Plaintiff filed a Motion for Reconsideration of the Magistrate Judge's Order, and asked for an additional extension until September 17, 2015, to file his objections (Dkt. #124). This request was also opposed, and failed to state good cause for the requested extension. *Id*. The Magistrate Judge again granted in part, giving Plaintiff until August 24, 2015 to file his objections (Dkt. #126). Plaintiff filed his objections on August 17, 2015 (7 days in advance of the extended deadline) (Dkts. #127-130). The Magistrate Judge twice allowed Plaintiff additional time to file his objections and Plaintiff filed his objections prior to the extended deadline (Dkt. #121, 126); accordingly, Plaintiff's objection is overruled.

### b. *Whether the Magistrate Judge Failed to Find Plaintiff's Amendments "Relate Back" to the Original Complaint*

In Plaintiff's objections to the reports and recommendations of the Magistrate Judge regarding the Murphy Defendants and Constable Simmons, Plaintiff objects to the finding of the Magistrate Judge that certain of his claims are barred because some parties were added after the lapse of the two-year statute of limitations period. Plaintiff asserts the Magistrate Judge failed to properly apply Federal Rule of Civil Procedure 15 "and its provision for an amendment's relation back to the original complaint" (Dkt. #128 at 6; Dkt. #129 at 2). Plaintiff contends that his "amendment should have been allowed to relate back, given that his amendment 'asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading.'" *Id*. Plaintiff's Original Complaint was filed July 14, 2014, and the events complained of regarding Constable Simmons and the Murphy

Defendants occurred on July 11-13, 2012 (Dkt. #110 at 7; Dkt. #116 at 9-10). Thus, even if Plaintiff's claims were to "relate back" to the filing of Plaintiff's Original Complaint, these claims would remain barred by the two-year statute of limitations because the Complaint was filed two years after the events occurred. *Id*. Plaintiff's objection is overruled.

Plaintiff also asserts that he has filed a new complaint and has asked the Court to consolidate the cases. *Id*. at 3. This new complaint allegedly contains a Racketeer Influenced and Corrupt Organizations Act ("RICO") claim, which has a four-year statute of limitations that Plaintiff alleges he is entitled to assert. *Id*. (*see Burgess v. U.S. Department of Education, et al.,* No. 4:15-cv-507). As a preliminary matter, Plaintiff's cases have not been consolidated, and, for this reason, the allegations raised in Plaintiff's second lawsuit are not relevant to the present litigation (*see also* Plaintiff's Motion to Stay discussed *infra*).

On a related note, Plaintiff also objects to the finding of the Magistrate Judge that "Plaintiff's Second Amended Complaint was filed without leave of this Court." (Dkt. #128 at 6). Plaintiff contends that the undersigned permitted him to file an amended complaint and add new parties to this litigation. *Id*. Plaintiff is correct that the undersigned orally granted Plaintiff permission to file a first amended complaint and join additional parties. Plaintiff filed his amended complaint on October 15, 2014 (Dkt. #26). However, Plaintiff did not have permission, oral or otherwise, to file a second amended complaint in these proceedings. Plaintiff filed his second amended complaint on January 22, 2015 (Dkt. #36). Plaintiff's objection is overruled.

### c. *Whether the Magistrate Judge Ignored or Disregarded Plaintiff's Conspiracy Claim*

In his objections to the reports and recommendations of the Magistrate Judge regarding the Murphy and First Murphy Defendants, Plaintiff objects to the finding of the Magistrate Judge

10

that Plaintiff's claims for conspiracy should be dismissed (Dkt. #128 at 3-4; Dkt. #130 at 18). Specifically, Plaintiff objects that the judges of Collin County conspired against him to "railroad Plaintiff through the justice system apparently in an effort to silence Plaintiff" (Dkt. #128 at 3). Plaintiff contends that the Magistrate Judge refused to acknowledge valuable information and testimony from Plaintiff, and chose "rather to believe the lies of Defendants." *Id*. at 4. Plaintiff also objects to the Magistrate Judge's finding that his conspiracy claim should be dismissed because "he has alleged facts indicative of conspiracy" (Dkt. #130 at 18). Moreover, Plaintiff states that he "adamantly believes and asserts and it must be taken as true by this court until proven contrary that Defendants worked together, (implies agreement) knowingly in an effort to disenfranchise him from his rightful properties and to detain and falsely arrest him." *Id*.

The Magistrate Judge did not ignore Plaintiff's alleged conspiracy claim (Dkt. #110 at 6 (finding Plaintiff's conspiracy claim barred by statute of limitations); Dkt. #115 at 13-14 (finding Plaintiff failed to state a claim for civil conspiracy)). There are no allegations in Plaintiff's Complaint that the judges of Collin County, other than Judge Walker, conspired against him. The Magistrate Judge found that Plaintiff's claims against Judge Walker were barred by the statute of limitations and by judicial immunity (Dkt. #117). Further, Plaintiff's assertion that his allegations must be taken as true until proven otherwise is incorrect. In evaluating Plaintiff's Complaint at the motion to dismiss stage, the Court must first identify conclusory allegations and disregard them, for they are "not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). Plaintiff's allegations that various City of Murphy officials, law enforcement officers, and judges in Collin County were involved in a conspiracy to evict Plaintiff and his family from their home and deprive them of appropriate due process are nothing more than conclusory. Plaintiff has made no factual allegations that indicate Defendants had a meeting of

11

the minds or were otherwise in agreement, and Plaintiff's objections do not suggest otherwise. Accordingly, Plaintiff's objections are overruled.

## IV. *Plaintiff's Objections to Specific Defendants*

### a. *Judge Walker*

In addition to the objections noted above regarding Judge Walker, Plaintiff also objects that that the Magistrate Judge "rush[ed] to [Judge Walker's] side to defend him in order to empower the judiciary" (Dkt. #127 at 5). Plaintiff asserts that Judge Walker's conduct was unreasonable given that Plaintiff was not summoned to Judge Walker's court, did not miss a deadline, and did not miss a hearing. *Id*. Plaintiff contends that "[h]e had simply wandered the courthouse in search of the transcript for the most recent hearing with the judge, a transcript intended to show Judge [Walker's] abuse of Plaintiff prior even to the false imprisonment." *Id*. Plaintiff then recites a new and/or revised version of the facts surrounding his interaction with Judge Walker, and asserts that he was "deceptively lured back into the courtroom in an attempt to gain this very quasi-judicial control over him." *Id*. at 6. Plaintiff contends that if the Court allows judges to act in this manner, then "justice [will] descend into chaos," and Plaintiff objects to the "abhorrent practice of tyrannical legal bullying in the United States." *Id*.

The Court agrees with the Magistrate Judge that the concept of absolute judicial immunity is one that is well established in both Texas state law and federal law (Dkt. #117 at 6 (citing *Dallas Cnty. v. Halsey*, 87 S.W.3d 552, 554 (Tex. 2002); *Brown v. Lubbock Cnty. Comm. Court*, 185 S.W.3d 499, 504 (Tex. App. – Amarillo 2005, no pet.); *Rea v. Cofer*, 879 S.W.2d 224, 227 (Tex. App. – Houston [14th Dist.] 1994, no writ); *see also Nalls v. LaSalle,* 568 F. App'x 303, 305-6 (5th Cir. 2014)). The United States Supreme Court has held that judges are absolutely immune from civil liability under 42 U.S.C. § 1983 for acts performed in their judicial

capacity, provided such acts are not done in the "clear absence of all jurisdiction." *Stump*, 435 U.S. at 357. Courts interpret whether a judge acted in "clear absence of all jurisdiction" broadly. *Id*. at 351-52. The Magistrate Judge concluded that Judge Walker's conduct was "judicial" in nature, performed in his judicial capacity, and not done in the "clear absence of all jurisdiction" (Dkt. #117 at 6-8). The Magistrate Judge further found that Judge Walker had the authority to control his courtroom. The act of detaining Plaintiff occurred in the courtroom and centered around various motions before Judge Walker, and was a normal judicial function. *Id*. Plaintiff does not challenge any of these specific findings of the Magistrate Judge, complaining only that the Magistrate Judge was biased. The Court finds that the Magistrate Judge considered both the applicable law and facts relevant to the application of judicial immunity, and Plaintiff's objection is overruled.

Plaintiff also argues that the Magistrate Judge's analysis relies on two cases *Mireles v. Waco*, 502 U.S. 9, 12 (1991), and *Cameron v. Seitz*, 38 F.3d 264, 271 (6th Cir. 1994), which Plaintiff contends are irrelevant because the facts are different from those in the present case. The Court agrees that those two cases involve different factual scenarios than the one presented here. However, both of those cases are cited for the proposition that a judge acts within his judicial capacity when he takes certain measures to control his courtroom. In both cases, the judges acted with malice and/or excessive force to forcibly seize an individual and bring him to the courtroom or forcibly bar an individual from entering the courtroom. *Mireles*, 502 U.S. at 10; *Cameron*, 38 F.3d at 271. In this case, even if the Court were to assume (which it does without considering or deciding) that Judge Walker acted with malice, as did the judges in *Mireles* and *Cameron*, his acts fall well within his judicial capacity to control his courtroom.

13

This cited case law is relevant to the Magistrate Judge's analysis, and Plaintiff's objections are overruled.

### b. *Constable Simmons*

As previously stated, the Court finds the report and recommendation of the Magistrate Judge should be adopted based on Plaintiff's failure to object to the Magistrate Judge's finding that Plaintiff's claims are barred by the doctrine of quasi-judicial immunity (*see supra* p. 4). However, in addition to those objections previously described, Plaintiff further objects that the Magistrate Judge failed to research the requirements of writ of possession in Texas, asserts that Constable Simmons improperly removed personal property from the house to the front lawn of the Property, and contends that Constable Simmons failed to properly execute the writ, resulting in damages to Plaintiff (Dkt. #129 at 3). Again, the Magistrate Judge addressed this issue, finding that Plaintiff cannot collaterally attack the state court decision regarding the underlying eviction process (Dkt. #110 at 8-9). Plaintiff's objection is irrelevant to the findings of the Magistrate Judge, and constitutes an improper collateral attack on the state court proceedings. Plaintiff's objection is overruled.

### c. *The First Murphy Defendants*

In addition to the objections regarding the First Murphy Defendants previously ruled upon by the Court, Plaintiff asserts a number of other objections to the report and recommendation of the Magistrate Judge regarding the First Murphy Defendants, to which the Court will now turn. Plaintiff objects to the Magistrate Judge's finding that the First Murphy Defendants are entitled to qualified immunity for their actions (Dkt. #130 at 5-6). Plaintiff asserts that the Constitution protects his property rights from intrusion or seizure in the absence of a warrant. *Id.* Plaintiff contends that "Defendants had *absolutely no excuse* to abscond with

his personal property and they were perfectly aware of their unconstitutional behavior and violation of Common Law historical precedent since the Magna Carta" (Dkt. #130 at 5 (emphasis in original)). Plaintiff argues that Defendants are not entitled to qualified immunity for their alleged unconstitutional actions. However, the facts contained in the record reveal that Defendants did not "abscond" with his property, and in fact, Plaintiff's property was removed from the Property by a private third-party moving company (Dkt. #115 at 3). Moreover, the Court agrees with the Magistrate Judge that there are no facts to suggest that any of the Defendants violated a clearly established constitutional right (Dkt. #115 at 11). Accordingly, Plaintiff's objection is overruled.

Plaintiff next objects to the Magistrate Judge's finding that Plaintiff's arrest was lawful (Dkt. #130 at 14-18, 18-22). Plaintiff contends that he is not attempting to collaterally attack the state court proceedings, but proceeds to allege that he was "never legally evicted." *Id.* at 15. Plaintiff contends that "Sergeant Hermes' order to return to the property, at that time, amounted to involuntary servitude and a state-created danger of being arrested." *Id.* at 16. Plaintiff again recites the facts surrounding this dispute, and asserts that the law enforcement officers conspired against him to intentionally create a danger to Plaintiff and his family, and as a result, owe Plaintiff and his family a duty of care. *Id.* at 20-22.

Although Plaintiff asserts that he does not seek to challenge his arrest, a review of Plaintiff's objections demonstrates otherwise. Plaintiff complains of the eviction, his arrest, the actions of the officers, and the resulting criminal proceedings. *Id.* at 14-18. However, the Magistrate Judge noted that the state court found Plaintiff's arrest was lawful, and that many, if not all, of Plaintiff's assertions amounted to an improper collateral attack on the underlying

eviction and/or subsequent criminal trial and conviction (Dkt. #115 at 11-12). The Court agrees with the Magistrate Judge that:

> The *Rooker-Feldman* doctrine bars cases brought by state-court losers complaining of injuries caused by state-courts judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments. The same principle holds true regarding Plaintiff's criminal convictions. Throughout Plaintiff's filings, it is clear that he seeks to challenge the propriety of the underlying state court decisions. However, this Court is precluded from exercising subject-matter jurisdiction over collateral attacks on state court judgments.
>
> Moreover, Plaintiff's claim challenging his state court criminal conviction is barred by the *Heck* doctrine, which requires the Court to reject attempts to negate a criminal conviction through a civil rights claim. Thus, the *Rooker-Feldman*, *Heck*, and/or *Younger* doctrines also bar Plaintiff's claims, and the Court recommends dismissal of Plaintiff's claims for these additional reasons.

*Id*. (internal citations and quotations omitted). Accordingly, the Court finds that Plaintiff's objections are overruled,[1] and Plaintiff's claims against Judge Walker, Deputy Jones, Constable Simmons, the Murphy Defendants (Defendants Lieutenant Barber, Officer Wetzel, David Gensler, and the City of Murphy), and the First Murphy Defendants (G.M. Cox, Jennifer DeCurtis, James Fisher, Jim Hermes, and Andy Messer) are dismissed with prejudice in their entirety.

## DEFENDANTS RIEBSCHLAGER AND PALKO

On July 27 and 28, 2015, Officer Kris Riebschlager ("Riebschlager") and Officer Michael Palko ("Palko") each filed their Motions to Dismiss, or in the Alternative, Motions for Summary Judgment (Dkts. #112, 113). Both Riebschlager and Palko move for dismissal arguing: (i) Riebschlager was improperly served; (ii) the applicable statute of limitations bars

---

[1] Plaintiff also asserts that "Plaintiff moves the honorable Judge Nowak to decide whether she can in good conscience hold herself as an unbiased finder of fact in either of Plaintiff's current lawsuits, especially based on the new lawsuit filed with this court… Plaintiff questions whether the judge can function completely unbiased if she is currently in any way associated with the ABA or TBA, or was an ABA or TBA member during the time of claims in Plaintiff's complaint" (Dkt. #130 at 23). To the extent this is a request for recusal of Judge Nowak, this is not a proper basis on which to seek recusal of a judge from these proceedings, and as such, is overruled.

Plaintiff's claims; (iii) Defendants are entitled to qualified immunity; and (iv) Plaintiff failed to state a claim. *Id*. The Magistrate Judge's analysis regarding Plaintiff's claims against the Murphy Defendants similarly applies to these Defendants.[2] For the same reasons, the Court finds Defendants' motion to dismiss is granted, and Defendants' alternative motion for summary judgment is denied as moot. Accordingly, Plaintiff's claims against Defendants Riebschlager and Palko are dismissed with prejudice as they are barred by the applicable statute of limitations, Defendants are entitled to qualified immunity, and Plaintiff has failed to state a claim (*see generally* Dkt. #116).

## PLAINTIFF'S MOTION TO STAY

On September 4, 2015, Plaintiff filed a Motion to Stay the Proceedings until Plaintiff has had an opportunity for a hearing on his motion for consolidation and the Court has entered a ruling on the motion (Dkt. #134).[3] Plaintiff argues that he is entitled to a stay under 28 U.S.C. § 1407; however, this statute applies to consolidation of cases filed in different districts and does not apply here since both of Plaintiff's cases are pending in this district (Dkt. #134 at 1). Plaintiff attaches an additional memorandum with a partially revised set of factual allegations regarding his version of the events in this case. *Id*.

---

[2] At this time, the Court will not consider whether Defendants Riebschlager and Palko were properly served because the Court finds these Defendants should be dismissed for the reasons stated by the Magistrate Judge and addressed herein.

[3] Plaintiff also requests that his Motion for Leave to File Out of Time a Memorandum Contra the Defendants Motion to Dismiss, or in the Alternative, Motion for Summary Judgment and Memorandum in Support (Dkt. #96) be reinstated on the Court's docket as a timely filed motion. This request is denied. Plaintiff filed this motion on June 18, 2015, requesting that he be given leave to file a memorandum/response to Defendants' pending motions. The Honorable Don D. Bush allowed Plaintiff to file his responses electronically due to a health emergency, and Plaintiff's responses were timely filed. Accordingly, Judge Bush found that the motion for leave was denied as moot (Dkt. #100). Plaintiff now asserts that the motion for leave was a motion for leave to file an amended complaint; however, upon further review, Plaintiff's motion did not contain a request for leave to amend his complaint. Plaintiff's responses to Defendants' motions to dismiss were timely filed, no further responses were necessary, and Plaintiff's responses were fully considered by the Magistrate Judge when ruling on the Defendants' motions to dismiss. Moreover, consideration of this memorandum/response would have no impact on the Court's disposition of this matter. Plaintiff's request is **DENIED.**

The Court finds that a stay is not appropriate at this time, and declines to impose one. "The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Considering the fact that this case is concluded as a result of the dismissal of Plaintiff's claims against these Defendants, the Court finds that it would not serve the interests of efficiency and/or conserve judicial resources to stay these proceedings pending resolution of the motion to consolidate. Accordingly, Plaintiff's motion for stay is denied at this time.

## CONCLUSION

Having considered each of Plaintiff's timely-filed objections (Dkts. #127, 128, 129, 130), Defendants' responses (Dkts. #132, 133), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's reports (Dkt. #110, 115, 116, 117) as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that Judge Barnett Walker and Deputy Danny Jones' Motion to Dismiss and Brief in Support Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #52), Chief Deputy Constable Lonnie Simmons' Motion to Dismiss and Brief in Support Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #64), Defendants City of Murphy, City of Murphy Police Lieutenant Adana Barber, City of Murphy Police Officer Joseph Wetzel, and City of Murphy Code Compliance Supervisor David Gensler's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Dkt. #67), and Defendants City of Murphy City Manager James Fisher,

Murphy Chief of Police G.M. Cox, Police Sergeant Jim Hermes, City Attorney Andy Messer, and Assistant City Attorney Jennifer DeCurtis' Motion to Dismiss Amended Complaint (Dkt. #92) are **GRANTED,** Defendants' alternative Motions for Summary Judgment are **DENIED** as moot (Dkts. #67, 92), and Plaintiff's claims against all Defendants are **DISMISSED** with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

It is further **ORDERED** that Officer Kris Riebschlager's Motion to Dismiss (Dkt. #112) and Officer Michael Palko's Motion to Dismiss (Dkt. #113) are **GRANTED**, and their alternative Motions for Summary Judgment (Dkts. #112, 113) are **DENIED** as moot. Plaintiff's claims against these Defendants are likewise **DISMISSED** with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

It is further **ORDERED** that Plaintiff's Motion for Clarification (Dkt. #131) is **DENIED** as moot.

All relief not previously granted is **DENIED**, including specifically Defendant Simmons, Walker, and Jones' Motion to Reconsider Order Denying Their Motion for Sanctions (Dkt. #120), the Murphy Defendants' Motion to Reconsider Order Denying Motion for Sanctions (Dkt. #122), and all Murphy Defendants' Agreement to Permanent Stay (By Disposition), Motion for Plaintiff's Frivolous Consolidation, and Sanctions (Dkt. #135).

**IT IS SO ORDERED.**
**SIGNED this 21st day of September, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE